FILED
NOV 19 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| THEO HIGH PIPE, | ) | CR 08-4183-RHB |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SHARI HUBBARD, individually and in her official capacity; STEVEN GREEN, individually and in his official capacity; TIM REISCH, individually and in his official capacity; DOUG HERMANN, individually and in his official capacity; and YOUTH SERVICES INTERNATIONAL, | ) ) ) ) ) ) ) ) ) ) ) | ORDER REGARDING DISCOVERY |
| Defendants. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Plaintiff commenced this action seeking redress under 42 U.S.C. § 1983 for the alleged violations of his constitutional rights while residing at the Springfield Academy under the direction of the South Dakota Department of Corrections (SDDOC). Defendants Steven Green and Youth Services International (YSI) contend that they were not acting under the color of state law and, therefore, are not subject to liability under § 1983. In the alternative, defendants allege that if they were acting under the color of state law, they are protected from suit by the doctrine of qualified immunity.

In response, plaintiff moves the Court to allow limited discovery. Plaintiff seeks the following:

    a. the nature and scope of the contracts between YSI, YSISD, and the state of South Dakota's Department of Corrections ("DOC");
    b. the makeup of YSI's board of directors;
    b. the number of juveniles in DOC custody and jurisdiction placed at the Springfield Academy in 2006;
    c. YSI's revenue from DOC and state contracts in 2006;
    d. YSI's representations to the DOC about its sexual abuse prevention policies and procedures in 2006;
    e. YSI's representations to the DOC about it sexual abuse reporting policies and procedures in 2006;
    f. YSI's personnel file for Shari Hubbard;
    g. Documents relation to Hubbard's alleged abuse of High Pipe, including letters Hubbard wrote to High Pipe detailing her sexual contact with him which were delivered to Green;
    h. YSI's institutional record regarding High Pipe's placement and counseling at the Springfield Academy:
    i. Any personal records or documentation created by Green or YSI counselor Tiffany Czapla related to High Pipe's reports of abuse by Hubbard;
    j. YSI counsel Tiffany Czapla's personal knowledge, reports and information documentation following High Pipe's reports of sexual contact by Hubbard;
    k. The names of other YSI staff members and state employees who worked with Hubbard and observed her interaction with juveniles in custody;
    l. A description of security measures in place at the YSI during 2006;
    m. SI records relating any other reports of abuse by Hubbard and received from any other juveniles, including I.M.;
    n. YSI records relating to the number of reports of abuse by correctional officers in its correctional facilities;
    o. YSI records documenting what training, if any, YSI employees received regarding "security" and abuse prevention;

2

p. DOC records relating to the number of reports of abuse by correctional officers in its correctional facilities;

q. DOC records identifying the scope of Reisch's contact with and indirect role in policy enforcement at YSI's Springfield Academy in 2006;

r. DOC records identifying the scope of Herrmann's contact with and indirect role in policy enforcement at YSI's Springfield Academy in 2006 and before;

s. DOC records identifying the scope of Reisch's and Herrmann's knowledge and information about CHINS placements at the Springfield Academy in 2006 and before;

t. DOC standards for security in juvenile correctional facilities in 2006;

u. Information obtained by Herrmann in his role as a member of the Council on Juvenile Services in 2006 and before, particularly when related to CHINS in DOC custody;

v. Information obtained by Herrmann and related to Reisch in regard to Herrmann's role as a member of the Council on Juvenile Services in 2006 and before, particularly when related to CHINS in DOC custody; and

w. All records, including informal records, regarding the DOC placement of High Pipe in a correctional facility.

Plaintiff's Motion for Discovery, Docket #45 (Errors in original). Defendants oppose this motion.

## DISCUSSION

As stated previously, defendants have asserted that they were not acting under the color of state law and, alternatively, that they are protected by qualified immunity. The Eighth Circuit has held that "[q]ualified immunity is an immunity from suit, not simply from liability." Janis v. Biesheuvel, 428 F.3d 795, 800 (8th Cir. 2005) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)). The

3

purpose of asserting the defense of qualified immunity is to "'avoid "subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery" in cases where the legal norms the officials are alleged to have violated were not clearly established at the time.'" Janis, 428 F.3d at 800 (quoting Mitchell, 472 U.S. at 526, 105 S.Ct. 2806).

In order to protect defendants' privileges under the doctrine of qualified immunity, therefore, the Court may not grant plaintiff's discovery request *in toto*. Nonetheless, after reviewing the motions for summary judgment, the Court concludes that limited discovery is necessary for proper disposition of said motions. The Court finds that disclosure of the contract between the state of South Dakota and YSI for 2006 and YSI's policies and procedures for reporting sexual abuse to the SDDOC are essential information that should be considered when determining if defendants may be sued under § 1983 or if they are immune from suit. Accordingly, it is hereby

ORDERED that plaintiff's motion for discovery (Docket #45) is granted in part in that defendants shall disclose the 2006 contract between the state of South Dakota and Youth Services International and Youth Services International's policies and procedures for reporting sexual abuse to the South Dakota Department of Corrections, and denied with regard to all other requests.

IT IS FURTHER ORDERED that these documents shall be disclosed to plaintiff on or before December 8, 2009.

IT IS FURTHER ORDERED that plaintiff shall then supplement the record on or before December 23, 2009.

IT IS FURTHER ORDERED that defendants Green and Youth Services International's motion for summary judgment shall be held in abeyance until December 23, 2009.

Dated this 19th day of November, 2009

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

5