UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| THEO HIGH PIPE, | ) | CR 08-4183-RHB |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SHARI HUBBARD, individually and in | ) | |
| her official capacity; STEVEN GREEN, | ) | ORDER GRANTING |
| individually and in his official capacity; | ) | PARTIAL SUMMARY JUDGMENT |
| TIM REISCH, individually and in his | ) | |
| official capacity; DOUG HERRMANN, | ) | |
| individually and in his official capacity; | ) | |
| and YOUTH SERVICES INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action seeking redress under 42 U.S.C. § 1983 for the alleged violations of his constitutional rights while residing at the Springfield Academy under the direction of the South Dakota Department of Corrections (SDDOC). Defendants Tim Reisch (Reisch) and Doug Hermann(Hermann) assert the doctrines of qualified immunity and sovereign immunity and move for summary judgment.

BACKGROUND

Plaintiff was determined to be a child in need of supervision and committed to the custody of SDDOC. Affidavit of Theo High Pipe (High Pipe), ¶ 5; Defendants' Statement of Material Facts (DSMF), ¶ 2. At fifteen years old, during the summer of 2006, plaintiff was placed at the Springfield Academy. High Pipe, ¶ 4. At the time of

plaintiff's placement, Springfield Academy was operated by Youth Services International (YSI). DSMF, ¶ 4. YSI contracted with DOC to provide "residential/group care treatment services for youth under the jurisdiction of the State...." Affidavit of Doug Herrmann (Herrmann), ¶ 3.

Plaintiff alleges that while he was at Springfield Academy, he was sexually assaulted by Shari Hubbard (Hubbard), who was employed by YSI as a correctional officer at Springfield Academy. High Pipe, ¶¶ 8-9. Plaintiff alleges that he informed his counselor at Springfield Academy of the sexual assault in October of 2006. High Pipe, ¶ 14. He further alleges that it was not until he produced letters from Hubbard which detailed her sexual assaults on plaintiff, that any action was taken by defendants to protect him. High Pipe, ¶¶ 15-18.

On November 17, 2008, plaintiff commenced this action. In his complaint, he alleges that Reisch, who is the Secretary of SDDOC, and Herrmann, who is the Director of Juvenile Services for the SDDOC, violated his constitutional rights to be free from cruel and unusual punishment while acting under the color of state law. He further asserts claims against Reisch and Herrmann for negligent supervision and negligent infliction of emotional abuse pursuant to state law. Reisch and Herrmann now move for summary judgment alleging that they are immune from suit.

## DISCUSSION

### A. Section 1983 Claims

#### 1. Official Capacity

Plaintiff is suing defendants in their official capacities. The defendants, however, are not subject to liability under § 1983 when sued in their official capacities. As previously stated, Reisch is the Secretary of the SDDOC. Hermann is the director of Juvenile Services for the SDDOC. As a result, both are state officials. "[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998) (citing Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). A suit will be allowed to proceed, however, if the state has waived immunity. See Morstad, 147 F.3d at 744. South Dakota has not waived its immunity to suit under the Eleventh Amendment.

Actions against a state official acting in is official capacity may also be allowed to proceed when sued for prospective relief. See Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997). As plaintiff is not seeking prospective relief, the actions against defendants in their official capacities are barred by the Eleventh Amendment. As a result, the official capacity claims will be dismissed.

## 2. Individual Capacity

Defendants are also being sued in their individual capacities. "[T]he Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities." Id. Defendants, however, contend that they are protected from suit by the doctrine of qualified immunity. Under the doctrine of qualified immunity, "[s]tate officials are shielded from § 1983 damage liability if their conduct did not violate clearly established constitutional rights of which a reasonable official would have known." Id. (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). To determine if the doctrine is applicable, the Court must employ a two-part test. First, the Court must consider if "'[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]'" Serna v. Goodno, 567 F.3d 944, 951-52 (8th cir. 2009) (quoting Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)). The second prong for the Court to consider is "'whether the right was clearly established.'" Id. Under Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009), the United States Supreme Court ruled that either prong may be addressed first.

In the case *sub judice*, plaintiff alleges that he was sexually assaulted while housed at the Springfield Academy during his juvenile commitment to the Department of Corrections. High Pipe, ¶¶ 3-4 and DSMF, ¶¶ 1-3. Plaintiff does not allege that

4

Reisch and Hermann were personally involved in the violation of his constitutional rights, but alleges that defendants failed to properly hire, train, and supervise the staff at Springfield Academy which resulted in the violation of his Eighth Amendment right to be free from cruel and unusual punishment. Complaint, ¶¶ 35-40.

The Eighth Circuit has held as follows:

> A supervisor cannot be held liable for an employee's unconstitutional actions based on a theory of respondeat superior. . . . Rather, a supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see."

Ottman v. City of Independence, Mo., 341 F.3d 751, 761 (8th Cir. 2003) (citations omitted).

The record shows that, at the time of the alleged violation, Springfield Academy was operated under the auspices of YSI based upon a contract with the SDDOC. DSMF, ¶ 4, Affidavit of Douglas Herrmann (Herrmann), ¶¶ 3-4; and Affidavit of Timothy Reisch (Reisch), ¶ 3, 6. YSI hired and trained its own staff. Herrmann, ¶ 5; Reisch, ¶ 5. Nothing in the record indicates that either Reisch or Herrmann were responsible for the hiring, training, or supervision of YSI employees.

Plaintiff argues that further discovery is necessary to determine what information was available to defendants during his placement at Springfield Academy

5

in order to determine whether defendants were aware of a substantial risk of harm facing plaintiff. Plaintiff reasons that knowledge of such a substantial risk of harm and failure to act in a manner that would have protected plaintiff from injury would constitute deliberate indifference and overcome the defense of qualified immunity. To this end, plaintiff seeks discovery of the contract between YSI and South Dakota Department of Corrections, representations made by YSI regarding its sexual abuse prevention and reporting policies, personnel files for named defendants, documentation regarding plaintiff's allegations, and information regarding the reports of other instances of abuse, among many other documents.

Qualified immunity is "not just a defense to liability, it constitutes immunity from suit." Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005). This means that defendants are protected from the burdens of litigation, including discovery, if the doctrine of qualified immunity is applicable. In this case, there is no dispute that SDDOC contracted with YSI to provide services for youth in the custody of the State. DSMF, ¶ 10. Furthermore, there is no dispute that YSI is a private corporation or that Hubbard was an employee of YSI. DSMF, ¶ 4; Plaintiff's Response to Defendants' Statement of Material Fact (PRDSMF), ¶ 4. The Court concludes that allowing discovery with regard to the allegations against Reisch and Herrmann would be inappropriate given these undisputed facts. Moreover, the Court finds that the record does not support plaintiff's

claims that Reisch or Herrmann acted so unreasonably as to be deliberately indifferent to plaintiff's constitutional rights. As a result, the Court concludes that plaintiff's claims against Reisch and Herrmann in their individual capacities must be dismissed.

## B.   State Law Claims

Plaintiff also asserts claims of negligent supervision and negligent infliction of emotional abuse against defendants. Defendants contend that they are protected from this claim by immunity as set forth in SDCL §§ 3-21-8 and 3-21-9.

South Dakota Codified Law, section 3-21-8 provides:

No person, political subdivision, or the state is liable for failure to provide a prison, jail, or penal or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, programs, facilities, or services in a prison or other correctional facility.

South Dakota Codified Law, section 3-21-9 further provides:

No person, political subdivision, or the state is liable for any injury resulting from the parole or release of a prisoner or from the terms and conditions of his parole or release or from the revocation of his parole or release, or for any injury cause by or resulting from:
    (1)    An escaping or escaped prisoner;
    (2)    An escaping or escaped person;
    (3)    A person resisting arrest:
    (4)    A prisoner to any other prisoner; or
    (5)    Services or programs administered by or on behalf of the prison, jail, or correctional facility.

Defendants reason that since plaintiff's claim of negligent infliction of emotional abuse is based upon plaintiff's allegation that defendants failed to properly supervise

YSI employees, it is a claim against them for the failure to provide "sufficient ... personnel, programs, ... or services in a prison or other correctional facility." As a result, SDCL § 3-21-9 would bar such an action. See Webb v. Lawrence County, 144 F.3d 1131, 1139 (8th Cir. 1998). The Court also concludes that SDCL 3-21-9 provides "a complete defense to [plaintiff's] state negligence claim." Id. As a result, the state law claims against Reisch and Herrmann will be dismissed. Accordingly, it is hereby

ORDERED that defendants Reisch and Herrmann's motion for summary judgment (Docket #30) is granted.

Dated this 19th day of November, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE