FILED
JUN 04 2010
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| THEO HIGH PIPE, | ) | CR 08-4183-RHB |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SHARI HUBBARD, individually and in | ) | |
| her official capacity; STEVEN GREEN, | ) | ORDER |
| individually and in his official capacity; | ) | |
| TIM REISCH, individually and in his | ) | |
| official capacity; DOUG HERMANN, | ) | |
| individually and in his official capacity; | ) | |
| and YOUTH SERVICES INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff seeks redress from defendants under 42 U.S.C. § 1983 and a variety of state law claims as a result of abuse that occurred to plaintiff while in the custody of the State of South Dakota and under the care and supervision of defendants. Defendants, Youth Services International (YSI) and Steven Greene (Greene) move for summary judgment.

## BACKGROUND

Plaintiff was determined to be a child in need of supervision and committed to the custody of South Dakota Department Of Corrections (SDDOC). Affidavit of Theo High Pipe (High Pipe). At fifteen years old, during the summer of 2006, plaintiff was placed at the Springfield Academy. High Pipe, ¶ 4. At the time of plaintiff's placement,

Springfield Academy was operated by Youth Services International (YSI). Defendants' Statement of Material Fact (DSMF), ¶ 3. Steven Greene (Greene) was employed by YSI as the administrator of Springfield Academy. DSMF, ¶ 7-8. YSI contracted with DOC to provide "residential/group care treatment services for youth under the jurisdiction of the State . . . ." Affidavit of Doug Herrmann (Herrmann), ¶ 3.

Plaintiff alleges that while he was at Springfield Academy, he was sexually assaulted by Shari Hubbard (Hubbard), who was employed by YSI as a correctional officer at Springfield Academy. High Pipe, ¶¶ 8-9. Plaintiff alleges that he informed his counselor at Springfield Academy of the sexual assault in October of 2006. High Pipe, ¶ 14. He further alleges that it was not until he produced letters from Hubbard which detailed her sexual assaults on plaintiff, that any action was taken by defendants to protect him. High Pipe, ¶¶ 15-18.

On November 17, 2008, plaintiff commenced this action. In his complaint, he alleges that defendants violated his constitutional rights by failing to protect him from Hubbard's assault. Plaintiff also alleges that defendants violated his constitutional rights by failing to implement proper hiring, supervising, and training procedures. Plaintiff also asserts state law causes of actions including negligent supervision, intentional infliction of emotional abuse, and negligent infliction of emotional abuse.

Defendants allege that they are not properly named parties in an action pursuant to 42 U.S.C. § 1983, as they are not state actors. Defendants further allege that they are protected by statutory immunity with regard to plaintiff's state law claims.

## DISCUSSION

### A.    § 1983 Claims

Plaintiff has asserted claims against YSI and Greene under 42 U.S.C. § 1983, for negligent hiring, supervising, and training of staff, and for failure to protect plaintiff from the assault perpetrated by Hubbard. Title 42 of the United States Code, section 1983, provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

Both YSI and Greene allege that they are not proper defendants under § 1983 because they were not acting under the color of state law.

> Whether particular conduct is action "under color of state law" for purposes of 42 U.S.C. § 1983 is a question of federal, not state, law. . . . "To act under color of state law . . . does not require, however, that the defendant be an officer of the state. Private acts or conduct may incur liability under § 1983 if the individual is a 'willful participant in joint action with the State or its agents.'" . . . "The question . . . is whether 'there is a sufficiently close nexus between the state and the challenged action . . . so that the action . . . may be fairly treated as that of the State itself.'"

Mildfelt v. Circuit Court of Jackson Co., Mo., 827 F.2d 343, 345-46 (citations omitted).

3

To determine if state action has occurred, the Court must employ a two-part test. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or a by a rule of conduct imposed by the state or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Id.

In Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc., 509 F.3d 406 (8th Cir. 2007), the Eighth Circuit found that Prison Fellowship Ministries, Inc., and InnerChange Freedom Initiatives, Inc., private entities, acted under the color of state law for purposes of § 1983 when they contracted with the State of Iowa to provide a residential inmate program. See Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 423 (8th Cir. 2007). In making this determination, the Eighth Circuit applied the two part test previously set forth and found that Prison Fellowship and InnerChange were given "access to facilities, control of prisoners and substantial aid to effectuate the program." Id. at 422. The Eighth Circuit then went on to find that these organizations had willfully participated in a joint activity with the State when the State gave "its 24-hour power to

4

incarcerate, treat, and discipline inmates." Id. at 423. As a result, the Eighth Circuit found that their actions were reasonably attributable to the State and that these private organizations were proper parties in a § 1983 action. See id.

Likewise, in the case, *sub judice*, the State of South Dakota has contracted with YSI to provide "services for youth offenders" and thus, has access to these youth offenders by a privilege created by the State through contract. Affidavit of Steven Greene, ¶ 5; and see Americans United, 509 F.3d at 422. Once a youth offender is placed in the facility offered by YSI, YSI is responsible for providing education, treatment, oversight, and discipline of these individuals. See Greene at ¶ 4. Though YSI maintains its autonomy in providing such services and may refuse to accept a youth offender into its program, YSI reports to state agents on individuals' progress and the occurrence of any major incident. Contract, Docket #56, at ¶ 4, 6, 7, 8. As a result, like the private corporations in Americans United, the State gives YSI all its power over these youth offenders and the Court finds, therefore, that YSI and Greene, as an employee of YSI, are acting under the color of state law for purposes of § 1983. The Court, however, reserves judgment as to whether the case may proceed as the parties have not briefed the issue of qualified immunity. Accordingly, the Court will order such briefing as defendants have asserted this defense in their answer. Docket #8.

B.  **State Law Claims**

As stated previously, plaintiff has also asserted state law claims against defendants. Defendants contend that these claims are barred by statutory immunity.

South Dakota Codified Law, section 3-21-8 provides:

> No person, political subdivision, or the state is liable for failure to provide a prison, jail, or penal or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, programs, facilities, or services in a prison or other correctional facility.

In Brown v. Youth Services International of South Dakota, Inc., 89 F. Supp. 2d 1095 (D.S.D. 2000), the district court concluded that the plain meaning of § 3-21-8 excluded private corporations such as YSI. See Brown v. Youth Services Intern. of South Dakota, Inc., 89 F. Supp. 2d 1095, 1101 (D.S.D. 2000). The district court came to this conclusion after thoroughly examining the chapter structure. See id. The district court noted:

> Chapter 21 begins by defining "public entities" and their "employees." SDCL 3-21-1. The chapter then uses these definitions to provide procedural protections from lawsuits to public entities and their employees ... and takes pains to guard the state's sovereign immunity .... In this context, it would be unreasonable to conclude that the Legislature intended to shield a private corporation ... from liability without explicit words to that effect.

Id.

The Court concurs with the reasoning of the district court in Brown. As a result, it is the determination of this Court that §3-21-8 does not shield YSI and, therefore, the state law claims may proceed against YSI. The statute, however, does shield Greene as

6

an individual from plaintiff's state law claims. As a result, the Court finds that the state law claims may not proceed against Greene. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment on the 42 U.S.C. § 1983 claims (Docket #28) is denied.

IT IS FURTHER ORDERED that YSI's motion for summary judgment on the state law claims (Docket #28) is denied.

IT IS FURTHER ORDERED that Greene's motion for summary judgment on the state law claims (Docket #28) is granted.

IT IS FURTHER ORDERED that YSI and Greene shall file a motion for summary judgment on the issue of qualified immunity on or before June 30, 2010.

IT IS FURTHER ORDERED that plaintiff shall respond to the motion for summary judgment within 20 days of the date which it is filed.

IT IS FURTHER ORDERED that defendants may file a reply brief within 10 days of the date on which plaintiff's response brief is filed.

Dated this 4th day of June, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE